IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| TELECO, INC., WILLIAM M. ROGERS, and WILLIAM "BILLY" MICHAEL ROGERS II,<br><br>            Plaintiffs,<br><br>v.<br><br>BRETT MUTOLO,<br><br>            Defendant. | Civil Action No: 6:23-cv-03563-JD<br><br>**MOTION TO DISMISS AMENDED VERIFIED COMPLAINT**<br><br>**AND INCORPORATED MEMORANDUM** |

Pursuant to Federal Rules of Civil Procedure 12(b)(1), Defendant Brett Mutolo hereby moves to dismiss the Amended Verified Complaint. The reason for this motion is that there is no diversity of citizenship, and therefore the Court lacks subject matter jurisdiction.

### STANDARD OF REVIEW

Plaintiffs bear the burden of establishing subject matter jurisdiction in response to a Rule Rule 12(b)(1) motion, and the Court may consider evidence outside the pleadings:

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.

*Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768-769 (4th Cir. 1991). "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond*, 945 F.2d at 769 (emphasis added).

## FACTS

Plaintiffs allege diversity jurisdiction under 28 U.S.C. § 1332 on the basis that Plaintiffs are South Carolina citizens and Defendant is a Florida citizen. (Am. Compl. ¶¶ 9-12, 14). Plaintiff William M. Rogers ("Rogers Sr."), however, is **a citizen of Florida**, as established by the following documents:

1. **Physical presence and current residence in Florida**.

    A LexisNexis Person Report shows Rogers Sr. current active address to be in Sarasota, Florida, with a prior address in Bradenton, Florida. The report is excerpted here:[1]

    

    **SmartLinx®Person Report**
    1 OF 1 RECORD(S)
    Report Created: 12-13-2023 10:06 AM EST | FOR INFORMATIONAL PURPOSES ONLY | Copyright © 2023 LexisNexis, All rights reserved.

    Report created for: Wyche, Pa

    . . . .

    **Address Summary (1 current, 26 prior)**

    | No. | Address | Status | To-From | Phone |
    |---|---|---|---|---|
    | 1. | 1058 N Tamiami Trl Ste 108-185 Sarasota, FL 34236-2416 | Current | 11/2021 - 11/2023 (Current Residence) | |

    Neighborhood Profile

    . . .

    | 7. | 5215 88th St E Bradenton, FL 34211-3715 Manatee County (Residential) | Prior | 09/2018 - 03/2022 | |
    |---|---|---|---|---|

---

[1] The entire report has not been filed because it contains substantial amounts of personal information. It has been provided to Plaintiffs and is available to file upon request.

2. **Declaration of Domicile in Florida** (attached as Exhibit A).

   Rogers Sr. filed with the Clerk of Court of Manatee County, Florida, a "Declaration of Domicile" in which he swore before a Notary on April 29, 2021, that he **"reside[s] in and maintain[s] a place of abode at 5215 88th St. East, Bradenton, Florida 342112" that this Florida abode "constitutes my predominant and principal home"; that he "intend[s] to continue it permanently as such"**; and that he is "a bona fide resident of the State of Florida" and that he "formerly resided at Isle of Palms, Charleston County, South Carolina." (Ex. A (emphasis added)).

3. **Registration to Vote in Florida**

   Rogers Sr. is actively registered to vote in Florida as of September 11, 2018, as demonstrated by online information from the Florida Department of State:[2]



---

[2] https://registration.elections.myflorida.com/en/CheckVoterStatus [last visited 4/29/2024].

4. **Drivers License issued in Florida**.  The same LexisNexis Person Report referenced above shows the most recent driver's license issued to Rogers Sr. is a Florida driver's license issued on May 3, 2021, and expiring in June 2029:



```
                            1 OF 1 RECORD(S)
SmartLinx®Person Report
Report Created: 12-13-2023 10:06 AM EST | FOR INFORMATIONAL PURPOSES ONLY | Copyright © 2023 LexisNexis, All rights reserved.

Report created for: Wyche, Pa

. . . .

Licenses/Voter (7 licenses)

Driver Licenses - 3 licenses
```

| No. | DL Name/Address | Status | Issued/Expired | Location |
|---|---|---|---|---|
| 1. | Rogers, William Michael<br>5215 88th St E<br>Bradenton, FL 34211-3715 | Historical | Issued: 05/03/2021<br>Expires: 06/2029 | FL |

5. **Real property owned in Florida**.

   The same LexisNexis Person Report referenced above shows the ownership of industrial property in Florida in the name of Rogers Sr.:

```
10.  FL                              Current   $2,083,000.00              FL
     County/FIPS: GREENVILLE/12011
     Source: A

Owner Info
Rogers, William M

430 Woodruff Rd Ste 300
Greenville, SC 29607-3464

Legal Info
Parcel Number: 48-42-23-28-0064
Sale Date: 07/31/2006
```

```
                                                                    Page 19 of 48
                              William_Rogers
Assessment Year: 2007
Sale Price: $2,083,000.00
Recording Date: 08/08/2006
Document Type: Assessor
Assessed Value: $1,724,370.00
Market Land Value: $1,724,370.00
Total Market Value: $1,724,370.00
Type of Address: Industrial Acreage
Legal Description: CENTER PORT PLAT 164-13 B PART OF PARCEL F DESC'D AS,C
Book/Page: 42554/144
```

6. **Watercraft registered in Florida**.

   The same LexisNexis Person Report referenced above shows the registration of a boat in Florida in the name of Rogers Sr.:

   | 15. | Watercraft | Current | 2023 SEA RAY BOATS | | SERY1763B323 | FL |
   |---|---|---|---|---|---|---|

   **Watercraft Info**
   Vessel Service Type: PLEASURE VESSEL
   Length (Ft-In): 39-0
   Hull Type: FIBERGLASS
   Use: PLEASURE VESSEL
   Vessel Year: 2023

   **Registrant Info**
   State: Florida
   Number: DO1337314

   Page 34 of 48

   William_Rogers

   Status: ACTIVE
   Registration Date: 06/01/2023
   Expiration Date: 06/08/2025
   Date Last Seen: 06/01/2023

   **Source Information**
   Data Source: GOVERNMENTAL

   **Owner 1**
   Rogers, William Michael
   606 S Military Trl
   Deerfield Beach, FL 33442-3023

## **A**RGUMENT

The key to determining citizenship for purposes of diversity jurisdiction is determining **domicile**. A person may have multiple residences but only has one domicile. Domicile is determined at the time the Complaint was filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). Domicile requires "**physical presence, coupled with an intent to make the State a home.**" *Johnson v. Advance Am.*, 549 F.3d 932, 937 n. 2 (4th Cir. 2008) (emphasis added) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.")). "When citizenship is questioned, a court must make an individualized inquiry relying on certain factors such as voter registration; current residence; the location of real and personal property; location of bank and brokerage accounts; membership in clubs, churches, or other associations; place of employment or business; driver's license and automobile registration; and the state to which a person pays taxes." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017).

Here, public records show that Rogers Sr. is physically located in Florida with a current address in Sarasota, Florida (November 2021 to current date of report), and a former address in Bradenton, Florida (September 2018 to March 2022). He also filed a sworn statement in Florida in April 2021 (over two years before bringing this lawsuit) indicating his purpose and intention of establishing his domicile in Florida at the address in Bradenton, Florida. He swore under oath that Florida was his predominant and principal home in April 2021 and that he specifically "intend[ed] to continue it permanently as such." (Ex. A). There could be no more direct evidence of his intention to make the State of Florida his home, which is the essence of the domicile inquiry.

Although courts might discount self-serving statements of domicile for the purpose of establishing or avoiding jurisdiction, this statement was filed <u>in advance</u> of Rogers Sr. having any self-serving purpose to establish diversity jurisdiction. The sworn declaration of domicile was filed in April 2021, which is before he even first heard of Brett Mutolo in June 2021, which is when Plaintiffs allege the fraudulent scheme began (Am. Compl. ¶¶ 19, 23-24). Accordingly, the Declaration of Domicile warrants substantial weight and, when combined with the other evidence, is controlling.

In addition, as outlined above, Rogers Sr. is registered to vote in Florida since September 2018, was issued a driver's license in Florida in May 2021 (showing his residence as the Bradenton address), owns commercial real property, and registered a boat in Florida in June 2023. Each of these facts are significant indicia of domicile and citizenship in Florida, and they further support a physical presence in Florida and an intention for Florida to be his home. See *Scott*, 865 F.3d at 195.

Because the burden is upon Plaintiffs to establish diversity jurisdiction, it is necessary for them to come forward and "set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond*, 945 F.2d at 769. Plaintiffs failed to offer any such evidence in prior motions (before the filing of the Amended Complaint), when the potential of diversity jurisdiction was raised informally. Rather than offer an affidavit from Rogers Sr. himself, Plaintiffs offered an affidavit from Mr. Rogers's accountant that skirted the issues and failed to address the elements of domicile (i.e., physical presence and intention to remain).

Although Plaintiffs likely will cite to some evidence of residency in South Carolina, residency is insufficient to demonstrate domicile, as a person may have multiple residents but only may have one domicile. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663

(4th Cir. 1998).  The LexisNexis report cited above also shows real property owned by Rogers Sr. in South Carolina and three vehicles registered in South Carolina, but this evidence fails to meet Plaintiffs' burden to demonstrate domicile and it pales in comparison to the evidence cited above that Rogers Sr. resides in Florida, votes in Florida, has a driver's license in Florida, owns real and personal property in Florida, and (most importantly) declares Florida as his permanent home where he intends to remain.  Without evidence of domicile in South Carolina that is sufficient to meet Plaintiffs' burden and overcome the substantial and definitive evidence of domicile in Florida as outlined above, Defendant Brett Mutolo is entitled to dismissal for lack of subject matter jurisdiction.

## CONCLUSION

For the above reasons, Defendant Brett Mutolo respectfully requests the Court dismiss the Amended Complaint.

Respectfully submitted,

**WYCHE, P.A.**

*s/William M. Wilson III*
William M. Wilson III (Fed. I.D. # 07611)
200 E. Broad St., Suite 400
Greenville, SC 29601
Phone:  864-242-8200
Fax:  864-235-8900
bwilson@wyche.com

***Attorneys for Defendant Brett Mutolo***

April 29, 2024
Greenville, South Carolina