**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| TELECO, INC., WILLIAM M. ROGERS, and WILLIAM "BILLY MICHAEL ROGERS II, <br><br> Plaintiffs, <br><br> vs. <br><br> BRETT MUTOLO, <br><br> Defendant. | Civil Action No. 6:23-cv-03563-DCC <br><br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY SCHEDULING ORDER AND DISCOVERY** |

Plaintiffs, TELECO, Inc. ("TELECO"), William M. Rogers ("Rogers") and William "Billy" Michael Rogers II ("Billy") (collectively the "Plaintiffs"), by and through undersigned counsel, submit this Response in Opposition to Defendant Brett Mutolo's ("Defendant" or "Mutolo") Motion to Stay. (ECF No. 53.)  As set forth below, Defendant's Motion is clearly meritless and should be summarily dismissed.

## I.    INTRODUCTION

The crux of the instant action is Plaintiffs' contention that Defendant Mutolo deliberately stole more than $6 million in cryptocurrency and other assets from Plaintiffs.  Nearly a year after this matter was commenced, Defendant seeks to delay Plaintiffs' efforts to determine where their cryptocurrency and other funds are located by asking this Court to excuse him (and *only* him) from his personal obligation to respond to discovery.  Defendant Mutolo is, however, the *only* individual who knows what he did with Plaintiffs' assets and Plaintiffs submit that it is not happenstance that he filed the instant Motion only after Plaintiffs served him with discovery requiring him to provide that answer.

Notwithstanding Defendant's self-serving request, Plaintiffs should be permitted to

proceed with discovery in the normal course as permitted in nearly every case and as expressly authorized by the First Amended Scheduling Order. (ECF No. 80). The interests of justice and judicial economy are best served if discovery proceeds, and Defendant will suffer no *legitimate* prejudice. In contrast, if discovery is stayed, Plaintiffs face the very real risk of substantial prejudice; namely the potential loss of valuable assets at the hands of the very individual now asking this Court to delay Plaintiffs' efforts to seek the truth.

This action relates to Defendant's fraudulent acts to induce Plaintiffs to provide Defendant with access to millions of dollars in digital and cryptocurrency assets which Defendant then stole, converted and otherwise misappropriated, ultimately taking more than $6,000,000 in assets from Plaintiffs and others. On September 1, 2023, Judge Dawson issued an Order imposing a preliminary injunction in this matter. (ECF No. 15.) Among other things, Judge Dawson's Order required Defendant to identify each and every account within Defendant's custody or control, directly or indirectly, in which cryptocurrency and the proceeds of the same could be stored, from April 1, 2021, to the present date. (*Id*. at p. 11.) Defendant was also ordered to provide Plaintiffs with the complete login and security information for each such account so that Plaintiffs could access the same and examine those records. (*Id*.)

Unfortunately, however, Defendant has failed to fully comply with that Order, and Plaintiffs have been forced to repeatedly seek the Court's assistance in securing his compliance with the same. (*See* ECF Nos. 30, 36, 42, 44, 90.) Defendant's failure in this regard underscores Plaintiffs' urgent need to proceed with full discovery without further delay.

On April 15, 2024, Judge Austin entered an initial Scheduling Order authorizing the parties to immediately commence discovery. (ECF No. 80.) Since that date, Defendant made no effort to stay discovery. Defendant likewise has not objected to Plaintiffs serving numerous subpoenas on

2

third parties and has *appeared* to cooperate with Plaintiffs' ongoing efforts to obtain records from the various accounts known to Plaintiffs.   In spite of the foregoing, Defendant now seeks to stay discovery – but only discovery served on Defendant – after Plaintiffs served *him* with requests for admission on June 25, 2024, which would require that he respond under oath.[1]

Defendant's Motion rests on the incorrect assertion that he should be excused from responding to discovery simply because he filed a second dispositive motion.  This is plainly *not* a correct statement of the law.  Moreover, Defendant's pending dispositive motion is based solely upon a demonstrably meritless challenge to the domicile of Plaintiff William M. Rogers ("Rogers"); a challenge Defendants have thoroughly proven is false.  Indeed, at a hearing held on May 6, 2024, Judge Austin made it clear that she was inclined to deny Defendant's second motion to dismiss and refrained only because Defendant requested time to file a reply.  An excerpt from that relevant hearing makes this clear:

> MR. FOSTER: . . . I don't think he owns any condos or apartments now in Florida, but he is, without interruption since this case -- before this case was filed and to this day, his domicile is South Carolina, 19 Waterway Island Drive, Isle of Palms. You know, I disagree with Mr. Wilson, I think we have responded rather overwhelmingly to the suggestion that he is domiciled in something they found on a Lexis report in Florida.
>
> THE COURT: Well, I do find that the declaration filed by the accountant was very compelling. So, but, Mr. Wilson, if you have information that would refute the evidence provided by the accountant, which supports a finding that Mr. Rogers has been a resident of South Carolina since at least 1979, I will give you until Friday to do that.

(ECF No. 120 at 5:10-25.)

_____

[1] Plaintiffs served these requests after Defendant rejected Plaintiffs' suggestion that they take Defendant's deposition on a limited basis, reserving sufficient time to complete his deposition at a later date.

Instead of refuting that evidence in his reply, Defendant argued he should be entitled to conduct discovery – the very same activity he now seeks to avoid.[2] (*See* ECF No. 104 at 3). Of course, it must be noted that if Defendant *genuinely* believed that discovery was needed with regard to Mr. Rogers' domicile, he has now been free to pursue that discovery in the 88 days that have passed since the entry of the initial Scheduling Order. Defendant has made no effort to engage in any such discovery; discovery that he could have easily completed by now.

Moreover, as recently as June 7, 2024 – more than a month after Defendant filed his second motion to dismiss - Defendant filed a Joint Motion to Amend the Scheduling Order, seeking to extend the discovery period under the original Scheduling Order. (ECF No. 114.) Defendant also filed a Joint Rule 26(f) Report and Joint Discovery Plan on May 20, 2024, both contemplating the commencement of full discovery. (ECF Nos. 106, 107.) If Defendant had a legitimate reason for staying discovery, he could and should have raised that issue before joining in a request to modify existing deadlines solely for the purposes of conducting and completing discovery, or, at the very least, sought a stay several months ago when he filed the pending dispositive motion.

Defendant makes no argument why a stay is necessary beyond noting that issuing a stay is within the Court's discretion and mentioning his pending motion. Defendant fails to address the factors for the Court to consider when deciding whether to issue a stay. Contrary to Defendant's claim that "by rule he need not" answer discovery before the Court rules on his pending motion to dismiss, no such rule exists and the Court's current Scheduling Order authorizes discovery. Likewise, whether the "pleadings have [] been finalized" is entirely irrelevant to the issue of

---

[2] In addition, Defendant argued he was somehow justified in relying upon incomplete information, which he was fully aware was incomplete ***prior*** to filing his second motion, thereby essentially conceding that his second dispositive motion is meritless. (*See* ECF No. 104 at 1-2.)

discovery.  It is disingenuous for Defendant to present such an argument because the only pleading which remains unsettled is his answer to the Amended Complaint.

Defendant wrongfully attempts to couch his conduct as fully compliant with the Court's directives and order to provide information to Plaintiffs and other Court-appointed parties. Defendant has not done so, and Plaintiffs have been forced to seek the Court's assistance on numerous occasions. (*See* ECF Nos. 30, 36, 42, 44, 90.)  This includes multiple status conferences with the Court ***directly*** related to Defendant's non-compliance with prior orders. (ECF Nos. 57, 60, 70, 101.)  Indeed, as noted above, Plaintiffs have good reason to believe that Defendant has yet to fully comply with Judge Dawson's September 1, 2023, Order and, absent the ability to direct discovery to Defendant, Plaintiffs will be hamstrung in their ability to learn the truth of this matter. Respectfully, that appears to be the actual intent of Defendant's Motion.

Stated plainly, Defendant's Motion appears to be a baseless delay tactic employed by Defendant to avoid his obligation to (literally) answer for his unlawful actions, while  continuing to hide Plaintiffs' assets and, perhaps, use them to benefit himself (e.g., to  defend himself in this action).  This Court should deny Defendant's Motion and permit discovery to proceed, as was ordered by Judge Austin in the Amended Scheduling Order and agreed to by Defendant. (ECF Nos. 114, 118.)

## II.     LEGAL AUTHORITY

"A court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Doe v. Bayer Corp*., 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005) (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 S. Ct. 163 (1936)).  In exercising its authority to grant a discretionary stay, the court "must weigh competing interests and maintain an

even balance." *Landis*, 299 U.S. at 255 (internal quotation omitted).

Furthermore, "[t]he party seeking a stay must justify it by **clear and convincing circumstances** outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (emphasis added). "When considering a motion to stay, the district court should consider three factors: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.'" *Impulse Monitoring, Inc. v. Aetna Health, Inc.*, No. 3:14-CV-02041-MGL, 2014 WL 4748598, at *1 (D.S.C. Sept. 23, 2014) (quoting *Johnson v. DePuy Orthopaedics, Inc.,* No. 3:12–cv–2274, 2012 WL 4538642, *2 (D.S.C. Oct. 1, 2012)). In other words, the proponent of a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636 (1997) (emphasis added) (citing *Landis*, 299 U.S. at 255).

In his Motion, Defendant argues that a stay should be issued merely because he filed a second, ultimately flawed, motion to dismiss. He provides no evidence to establish ***any*** of the factors to warrant imposing a stay, and he further fails to justify his request for a stay by "clear and convincing circumstances" outweighing the potential harm to Plaintiffs if a stay is issued. As a result, this Court should deny Defendant's Motion.

### III.     ARGUMENT

#### A.     Issuing A Stay Does Not Serve The Interests of Judicial Economy.

To warrant the relief requested in Plaintiff's Motion, Defendant must establish that issuing a stay here serves the interests of judicial economy. *Impulse Monitoring, Inc.*, 2014 WL 4748598, at *1. Defendant has not, and cannot, establish this element.

This matter has been pending for almost a year, and the Court issued a preliminary injunction nearly nine (9) months ago. Yet, discovery did not commence in this action until April

15, 2024.  The more than six-month delay in beginning discovery in this action is largely due to Defendant's delay tactics, namely his opposition to the Court issuing a scheduling order and his failures to comply with directives from the Court, including the preliminary injunction entered by Judge Dawson, all of which he has sought to justify with one unfounded reason or another. (*See e.g.*, ECF Nos. 36, 41, 42, 44, 90.)

Judge's Dawson Order issuing a preliminary injunction noted that the nature of the assets at issue here – cryptocurrency – by their very nature are easy to conceal and surreptitiously transfer to accounts or other locations outside of a federal court's reach.  (ECF No. 15 at 10-11.)  Implicit in Judge Dawson's conclusions is the notion that time-is-of-the-essence in this case, therefore discovery needs to progress given that the cryptocurrency assets at issue here could quickly be moved through untraceable transaction to inaccessible locations.  In light of the very real risk that the relevant assets may be moved and fully concealed from this Court's reach, the interests of judicial economy are not served by a stay.[3]

Moreover, simply filing a motion to dismiss does not entitle a party to a stay, and stays are usually imposed where there is an action pending in another jurisdiction, i.e., state court or an appellate forum, which presents similar or identical issues to those in the action in federal court. *See CKC Properties, LLC v. Town of Mount Pleasant, S.C.,* No. 2:23-CV-04489-DCN, 2024 WL 39067, at \*4 (D.S.C. Jan. 3, 2024) (stating judicial economy is served where courts "delay resolution of cases to give courts in other jurisdictions the chance to decide related cases-especially when those related cases present questions of state law and are pending in state courts.") (collecting

---

[3] Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

cases).  There is no other action pending which relates to this matter or otherwise presents issues between these parties which could have any impact on this action.[4]  This is not the type of scenario where a stay of discovery is commonly imposed.  Given the procedural history of this case and the assets at issue, a stay of discovery is contradictory to the interests of judicial of economy.

        **B.**      **Defendant Suffers No Hardship If This Action Is Not Stayed.**

Defendant suffers no hardship in complying with discovery requests served in the normal course of litigation, and the Motion makes no mention that he would suffer any hardship here.

In this context, prejudice (or hardship) may be found where a party is forced to answer duplicative discovery requests where multiple actions are pending simultaneously or where there is a possibility for an inconsistent result to be reached by another court considering the same or nearly the same issues. *See CKC Props.*, 2024 WL 39067, at *6, n. 9 (finding hardship where an appellate proceeding "could reach a result inconsistent" with the one pending in federal court). This case presents no such scenario.

As stated above, there is no other action pending which presents the same or similar issues, and there is no risk of inconsistent rulings on any issues in this matter.  Plaintiffs have not pursued recovery against Defendant in another forum, and there is no risk that he would be forced to answer duplicate discovery requests.  This case does not present a scenario where there exists any hardship for Defendant such that a stay should be imposed.

---

[4] Moreover, even if Defendant's dispositive motion is granted – which should not be done – the notion that such a ruling will completely end this action and forever discharge Defendant from answering discovery requests is entirely misplaced.  Even if that were to occur, Plaintiffs would have the right to pursue the same claims, using the same facts and largely similar, if not identical, pleadings, in state court, and discovery on the same issues presented at this stage would obviously follow.  Meaning, Defendant will ultimately have to answer the same or nearly the same requests for admission one way or another and requiring him to do so now actually serves judicial economy.

Furthermore, no risk of hardship exists here because Defendant is simply being asked to answer discovery requests which follow the normal course of litigation.  This includes answering questions propounded by Plaintiff as to (1) how Defendant accessed and removed Plaintiffs' cryptocurrency; (2) what he did with Plaintiffs' assets; (3) where Defendant has placed Plaintiffs' assets; (4) who aided him in committing these acts; (5) who received money from Defendant, and others.  Hardly can it be said that, by answering discovery requests, Defendant suffers any hardship as those questions are ones which stem from the natural consequence of the issues in this case.  Likewise, the answer to those questions should not change whether this action is pending here or in state court.

Similarly, Defendant's delay in seeking to stay discovery undercuts any argument he may present that he suffers any hardship if a stay is not imposed here.  Defendant filed a motion seeking to dismiss the initial complaint on September 8, 2023, which was summarily denied by Judge Austin. (ECF Nos. 18, 115.)  Defendant did not seek to stay discovery in September 2023.

Judge Dawson ordered Defendant to disclose the location of Plaintiffs' cryptocurrency or, if liquidated into cash, the location of those funds.  (*See*, *e.g.,* ECF No. 15). Specifically, Judge Dawson ordered Defendant to:

> within seven days of the entry of this Order, to identify and disclose to Plaintiffs each and every account in which cryptocurrency or the proceeds therefrom may be stored, converted, or traded (e.g., KuCoin, MEXC), as well as any bank, brokerage or financial account in which the proceeds from cryptocurrency transactions may be stored, or the cash proceeds from same may be stored, that was within Defendant Mutolo's possession, custody or control, directly or indirectly, from April 1, 2021 to the present.

(*Id*. at 11.)

Further, Judge Dawson enjoined Defendant from "taking any action to conceal the location(s) of any of the Plaintiffs' cryptocurrency, monies or assets held by Defendant Mutolo, or

the proceeds therefrom." (*Id.*)  For several months, Plaintiffs expended significant time and resources to secure the information which Defendant was ordered to provide, with little to no success, largely due to Defendant's actions.   Judge Austin ultimately issued a Scheduling Order and authorized discovery to commence. (*See* ECF Nos. 36, 40, 42, 44.)  Despite the Court's Order commencing discovery, and a consent motion agreeing to extend discovery deadlines (ECF No. 114 at 2), Defendant's counsel would not agree to a limited deposition of Defendant.  Plaintiff thereafter served Defendant with Requests for Admission, which is completely proper.

There is no hardship to Defendant if discovery proceeds in its normal course. here and this case does not present any of the circumstances which ***could*** pose any such hardship. Given Defendant's failure to articulate any argument, let alone a compelling argument, that he may suffer any hardship if discovery proceeds here, this Court should deny the Motion.

### C.    Plaintiffs Stand To Suffer Substantial Prejudice If A Stay Is Imposed.

Unlike Defendant, Plaintiffs stand to suffer substantial prejudice if a stay is imposed here because granting such relief would unnecessarily delay discovery in this case which was previously delayed by more than six (6) months, due in large part to Defendant's dilatory conduct.

"Courts have found that a delay of ***a few months*** is significant and contributes to prejudice suffered by the non-moving party," when considering a motion to stay discovery.  *Regal W. Corp. v. Neeves*, No. 2:22-CV-01653-DCN, 2022 WL 9467966, at *6 (D.S.C. Oct. 14, 2022) (citing *Mears Grp. Inc. v. Kiawah Island Util., Inc.*, 2019 WL 5395963, at *9 (citing *Sehler v. Prospect Mortg., LLC,* 2013 WL 5184216, at *3 (E.D. Va. Sept. 16, 2013).  The passage of time between the commencement of this action and when discovery began clearly demonstrates that Plaintiffs stand to suffer substantial prejudice if a stay is imposed in this case.

Almost one year has passed since this action was initially commenced. (*See* ECF No. 1.) Importantly, even more time has passed since Defendant, either on his own or with assistance of others, converted, misappropriated, and/or outright stole millions of dollars of cryptocurrency from Plaintiffs. (*See* ECF No. 66.)  The passage of time between the when this action as initiated and the filing of the instant Motion certainly surpasses "a few months" and therefore imposes substantial prejudice to Plaintiffs.  This is decidedly true given that the assets at issue here – cryptocurrencies – by their nature are capable of being clandestinely transferred through potentially untraceable transactions and unreachable accounts. (ECF No. 15 at 7.)

Indeed, by staying discovery in this case, the Court would only be offering Defendant more time to conceal and potentially secretly move Plaintiffs' assets to locations which are unreachable by this Court.  Such further delays result in windfall for Defendant and substantially prejudice Plaintiffs and their ability to obtain relief for Defendant's unlawful acts.

### D. Defendant's Dispositive Motion Should Also Be Dismissed and Therefore No Reason Exists to Impose a Stay of Discovery.

The only argument offered by Defendant in support of this Motion is that he filed a motion to dismiss challenging subject matter jurisdiction and therefore discovery should not proceed. Critically though, Defendant's dipositive motion is meritless and, like the instant Motion and his initial dipositive motion filed in September 2023, should summarily be dismissed.

The Verified Amended Complaint clearly sets forth sufficient facts to establish that the parties are diverse and that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). (*See* ECF Nos. 66.)  This Court must take allegations in a complaint as true. *See Wolf v. Richmond Cty. Hosp. Auth.*, 745 F.2d 904, 907 (4th Cir. 1984) (citing *Black v. Acme Mkts, Inc.*, 564 F.2d 681, 683, n. 3 (5th Cir. 1977)).  Moreover, the Amended Verified Complaint's allegations should be given the same consideration as testimony provided under oath. *See, e.g.*,

*Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) (noting that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge"); *Hebb v. City of Asheville, N. Carolina*, 655 F. Supp. 3d 388, 394 (W.D.N.C. 2023) ("At a preliminary injunction stage, allegations set forth in a verified complaint are treated the same as affidavits.").

Furthermore, there is ample evidence in the record which demonstrates that complete diversity exists here, and, more importantly, that Defendant's second dispositive motion is meritless. (*See* ECF Nos. 44-1, 70, 99, 99-1, 99-2.)  This includes multiple statements from one of the named Plaintiffs, as well as a licensed financial professionals, confirming the same which also directly refute the lone issue which Defendant focused on in his pending dispositive motion. (*See* ECF Nos. 44-1, 99-1, 99-2.)  Defendant's arguments in his second dispositive motion are legally and factually wrong, and the Court should deny that motion.

As a result, the only basis offered in support of his request to stay discovery is entirely meritless.  Therefore, this Court should deny the Motion.

## IV.    CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court DENY Defendant's Motion based on the foregoing facts and law; and enter an order DENYING the same and granting Plaintiff other relief this Court deems just and proper under the unique circumstances.

Respectfully submitted, this 12th day of July, 2024.

**LITTLER MENDELSON, P.C.**

*/s/ William H. Foster*
William H. Foster, Federal Bar No. 6221
E-Mail: BFoster@littler.com
110 E. Court Street / Suite 210
Greenville, SC 29601
(864) 775-3191

**BEATTIE B. ASHMORE, P.A**.
Beattie B. Ashmore, Federal Bar No. 5215
Beattie@BeattieAshmore.com
650 E. Washington Street
Greenville, SC 29601
(864) 467-1001

*Attorneys for Plaintiffs*