IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| TELECO, INC., WILLIAM M. ROGERS, and WILLIAM "BILLY" MICHAEL ROGERS II,<br><br>Plaintiffs,<br><br>v.<br><br>BRETT MUTOLO, JOHN DOE 1, JOHN DOE 2, *et al.*,<br><br>Defendants. | Civil Action No:  6:23-cv-03563-DCC<br><br>**DEFENDANT'S MOTION TO QUASH SUBPOENA** |

COMES NOW, the Defendant Brett Mutolo, ("Defendant"), by and through his undersigned counsel, with this Motion to Quash Subpoena ("Motion") pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure.  Defendant seeks to have this Court  quash certain subpoenas noticed upon Defendant and intended to be served by the Plaintiffs TELECO, Inc., William M. Rogers, and William "Billy" Michael Rogers II, on or about July 19, 2024, on Biologic Consulting Group, Inc., Goodwin Biotechnology, Incorporated, National Resilience, Inc., Resilience Government Services, Inc. f/k/a Ology Bioservices, Inc, and PM Biotech Advising Corp., seeking the production of employment records of Defendant's Father, Mr. Paul Mutolo.  Copies of the subpoenas are attached hereto as <u>Exhibit A</u>.

## ARGUMENT

The Subpoenas should be quashed because they seek records from employers or former employers of Brett Mutolo's father, Paul Mutolo, which could have no bearing upon or relevance to this action; and because they likely would interfere with Paul Mutolo's employment, reputation,

and job prospects, and therefore would only serve to annoy or harass Paul Mutolo and his son, Brett. The subpoenas also appeared to request confidential records. They also are unduly burdensome for these same reasons. The motion is further supported by Defendant not seeking to quash other subpoenas to financial institutions used by his parents because, unlike the attached subpoenas he seeks to quash, these other subpoenas arguably seek relevant documents.

Rule 45 places a burden on the party issuing a subpoena to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  A court must quash a subpoena that subjects the receiving person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv); *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015).

"Although Rule 45 does not identify irrelevance or overbreadth as grounds for quashing a subpoena, courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26." *Coleman v. Lennar Corp.*, No. 18-MC-20182, 2018 WL 3672251, at *3 (S.D. Fla. June 14, 2018). Courts must generally employ a liberal and broad scope of discovery, but that scope is not without limits. Id. Rule 26 requires that discovery be proportional to the needs of the case. Fed. R. Civ. P. 26(b). In determining proportionality, courts consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Id.

"[T]he burden of proof in demonstrating that compliance with a subpoena presents an undue burden lies with the party opposing the subpoena, while the party seeking to enforce a subpoena bears the burden of demonstrating that the request is relevant." *Coleman,* No. 18-MC-20182, at *3. To determine whether a subpoena imposes an undue burden, the Court must balance

the requesting party's need for the discovery against the burden imposed upon the subpoenaed party. Id.

While discovery may be sought from nonparties, subpoenas to nonparties are subject to a higher standard. "The undue burden analysis requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it. The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry." *Jordan v. Comm'r, Miss. Dept. of Corr.,* 947 F.3d 1322 (11th Cir. 2020); *see also Disney Enters. v. Hotfile Corp.,* Case No. 11-20427, 2011 U.S. Dist. LEXIS 160492, at *5 (S.D. Fla. Sept. 14, 2011)("The status of the person as a non-party is a factor often weighing against disclosure.")(citation and quotations omitted); *Schaaf v. SmithKline Beecham Corp.,* No. 3:06-CV-120-J-25TEM, 2006 U.S. Dist. LEXIS 54111, 2006 WL 22416, at *2 (M.D. Fla. Aug. 4, 2006) ("Courts must also consider the status of a witness as a non-party when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure.").

Additionally, a court must quash or modify a subpoena that requires disclosure of privileged matter, Fed. R. Civ. P. 45(d)(3)(A)(iii), and may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

Here, the records sought by the subpoenas involve employment records of Brett's father, Paul Mutolo. The requested records include:

> "…all personnel file and other personnel records; application for employment; initial hire records; records of positions held; records of salary, wages or any other compensation paid of any kind (including any and all Forms W-2 or Forms 1099); employee benefits and benefits claims (including 401k plan and contributions, retirement plan and contributions); records regarding any internal grievances or complaints by Mr. Mutolo; records regarding termination or separation of

employment; records related to any termination or severance benefits paid; and all documents received from any state and/or federal agency regarding Mr. Mutolo's employment."

It is obvious on the face of these requests that they could not possibly be relevant to the issues in this case, which has nothing to do with Paul Mutolo's employment or employment records. In addition, the requests plainly seek materials that would be deemed confidential and/or proprietary. For these reasons, the requests are unduly burdensome, exceed the scope of discovery, and should be quashed.

**WHEREFORE,** the Defendant moves the Court to quash the subpoenas issued by the Plaintiff to Biologic Consulting Group, Inc., Goodwin Biotechnology, Incorporated, National Resilience, Inc., Resilience Government Services, Inc. f/k/a Ology Bioservices, Inc, and PM Biotech Advising Corp.

*Counsel's Certification:* Undersigned counsel has conferred with counsel for Defendant and attempted in good faith to resolve areas of disagreement concerning the subject matter of this motion.

.

Respectfully submitted,

**WYCHE, P.A.**

*s/William M. Wilson III*
William M. Wilson III (Fed. I.D. # 07611)
200 E. Broad St., Suite 400
Greenville, SC 29601
Phone:  864-242-8200
Fax:  864-235-8900
bwilson@wyche.com

***Attorneys for Defendant Brett Mutolo***

July 19, 2024
Greenville, South Carolina